The opinion of the court was delivered by
Tilghma&, C. J.
I do not see how the action can be supported, because, between the plaintiff and defendant, there is no privity either of contract or estate. That there is no privity of contract *17 is evident, because privity of contract is personal privity, and is confined to the persons of the contracting parties, and there can be no privity of estate, because the estate has never passed from the plaintiff. The assignment of Wilson passed to the defendant all the right which Wilson had, that is to say, an equity, by virtue of which he was entitled to demand a conveyance, on payment of the purchase money. Wilson, notwithstanding his assignment, remained liable for the purchase money, on his covenant in the articles of agreement between him and the plaintiff; and from this liability he could not withdraw himself, by substituting the defendant in his place. The counsel for the plaintiff has cited many cases, in which a man has been subject to an action of debt, without pri-vity of contract. But in all those cases, it will be found that there •was privity of estate. For example, — A. leases to B., rendering rent; B. assigns to C. A. may maintain an action of debt for the rent, against C.; because there is privity of estate between them, and the rent is incident to the reversion. The law of privity of estate, as well as of contract, is well laid down in Walker’s Case, 3 Co. 22; and in Thursby v. Plant, 1 Saund. 237. In no point of view, is the plaintiff entitled to this action against the defendant, who never made any kind of contract with him. The plaintiff' made his bargain with Wilson, and kept the legal estate in himself by way of security; and the defendant contracted, not with the plaintiff, but with Wilson, and is liable to Wilson on that contract, whatever it may have been. It would be most unjust, therefore, as well as illegal, to make the defendant subject to the actions both of the plaintiff and of Wilson. But the plaintiff may recover the land from the defendant in an ejectment, by virtue of the legal estate which remains in him, in ease the purchase money be not paid. He may resort to the land, in whatever hands it may be, but can maintain no personal action against any one but Wilson. I am of opinion, that the judgment of the Court of Common Pleas, which was in favour of the defendant, should be affirmed.
Judgment affirmed.