635 A.2d 648

**SANTE FE ENERGY RESOURCES, INC.**

**v.**

**Herbert MANNERS and Patti Manners, His Wife, Appellants.**

Superior Court of Pennsylvania.

Submitted Oct. 5, 1993.

Filed Dec. 14, 1993.

Timothy P. Morris, Asst. Dist. Atty., Punxsutawney for appellants.

Michael S. Delaney, Indiana, for appellee.

Before CAVANAUGH, KELLY and BROSKY, JJ.

CAVANAUGH, Judge:

This is an appeal from an Order issued by the Honorable William Henry in Jefferson County permanently enjoining appellants, Herbert and Patti Manners, from blocking access to the oil and gas wells on their property. The sole issue before this court is whether the merger of a corporate party to a lease contract with a third party constitutes an assignment of the lease contract to the new entity. We conclude it does not and affirm.

On June 3, 1980 appellants entered into an oil and gas lease agreement with Robert M. Hanak (referred in the lease as "the Gas Company"). The lease gave the Gas Company the

exclusive right to explore and mine for oil, gas, and all other liquid and gaseous hydrocarbons on appellants' twenty-five acre plot of land. In return several benefits would inure to appellants including one-eighth (⅛) the price received at the well head or lease line for all gas produced.

Paragraph twenty-six of the contract is at issue in this case and states in its entirety:

26. *ASSIGNMENT.* The parties hereto agree that the Gas Company may enter into an assignment or joint venture with the Adobe Oil and Gas Corporation, which is specifically consented to herein. The parties, however, agree that there shall be no further assignments without the express written consent of the Landowners.

The lease was subsequently assigned to Adobe Oil and Gas Corporation. From 1982 to 1992 Adobe Oil and Gas Corporation transferred its working interest to its subsidiaries: Adobe Mining Company, Adobe Exploration '80, Ltd., and Adobe Executive Partnership. In 1985 Adobe Oil and Gas Corporation merged with Madison Resources, Inc. to form Adobe Resources Corporation. On May 19, 1992 Adobe Resources Corporation merged with appellee, Santa Fe Energy Resources, Inc. Adobe Resources Corporation ceased to exist.

On July 15, 1992 appellants blocked the road to the well site and "shut-in" the well claiming that the assignment clause in paragraph twenty-six had been breached. As a result of the Order permanently enjoining them, appellants have filed this appeal.

We conclude that when a corporate party to a contract merges with a third party the contract is not assigned to the new entity by operation of law. This conclusion is not inconsistent with the settled principle that when corporations merge the surviving entity succeeds to both the rights and obligations of the constituent corporations. *See Park v. Greater Delaware Valley Savings & Loan Association*, 362 Pa.Super. 54, 523 A.2d 771 (1987). In distinguishing between assignment and succession in the context of a merger this court has stated:

Even if it can be said in any proper sense of the word that the rights of action and property of the constituent corporations are assigned to the consolidated company resulting from the merger, *such an assignment would be by operation of law.* A more accurate description of the transfer would be to say that the consolidated corporation succeeds to the rights of action and property of the constituent companies.

*Pittsburgh Terminal Coal Corporation v. Potts,* 92 Pa.Super. 1, 12 (1927) (emphasis added),[1] *quoted in Commonwealth v. Willson Products, Inc.,* 412 Pa. 78, 194 A.2d 162 (1963). *See also Segal v. Greater Valley Terminal Corporation,* 78 N.J.Super. 42, 187 A.2d 374 (1963) (New Jersey court interpreting Pennsylvania law concluded that a corporate lessee's merger with its parent did not constitute an assignment of its rights and obligations under the lease agreement). Thus, we conclude that in the instant matter there was not (as there could not be) any assignment of the gas exploration rights to Santa Fe, and that no assignment occurred by operation of law. In sum, we hold that a merger of corporate enterprises does not automatically and without more result in an assignment of the rights of the merging parties.

Order affirmed.

1. The court was interpreting the meaning of the Act of May 3, 1909, P.L. 408, as amended by the Act of April 29, 1915, P.L. 205 (later amended by the Act of August 17, 1951, P.L. 1267, codified as 15 P.S. §§ 801 to 805, and effectively repealed October 1, 1989) in the context of a merger. The relevant language of the act stated: "all the estate and property, real and personal, and all rights of action of each of said corporations, shall be deemed and taken to be transferred to and vested in the said new corporation, without any further act or deed."

The subject matter of 15 P.S. §§ 801 to 805 (repealed) is now addressed at 15 Pa.C.S.A. § 1921 *et seq.* and states:

§ 1929. Effect of merger or consolidation

(b) Property rights.—All the property, real, personal and mixed, and franchises of each of the corporations parties to the merger or consolidation, and all debts due on whatever account to any of them ... shall be deemed to be transferred to and vested in the surviving or new corporation ... without further action....

15 Pa.C.S.A. § 1929(b). We find these statutory provisions to be synonymous and therefore rely on *Pittsburgh Terminal* for support.