Michelle Ann Henry, Esq., Diane E. Gibbons, Esq., Doylestown, for Commonwealth of Pennsylvania.

BEFORE: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

### *ORDER*

PER CURIAM.

**AND NOW,** this 6th day of June, 2005, upon consideration of the thorough opinion and supplemental materials submitted by the Supervising Judge of Bucks County, which demonstrate compliance with our order of November 12, 2004 and *In re Investigating Grand Jury of Philadelphia County (Appeal of Washington)*, 490 Pa. 31, 415 A.2d 17 (1980), it is hereby ordered that the July 1, 2004 Order of the Court of Common Pleas of Bucks County denying

Petitioners' Omnibus Motion to Quash the grand jury investigation is AFFIRMED.

**Adolf DEYNZER and Barbara Deynzer, Appellants**

v.

**COLUMBIA GAS OF PENNSYLVA-NIA, INC., Columbia Natural Resources Inc., Columbia Gas Transmission Corporation and Pennsylvania Land Holdings Corporation, Appellees.**

Superior Court of Pennsylvania.

Argued Nov. 17, 2004.

Filed April 4, 2005.

Reargument Denied June 14, 2005.

Harry J. Cancelmi, Jr., Waynesburg, for appellants.

Kevin C. Abbott, Pittsburgh, for Columbia Gas of Pennsylvania, Columbia Natural Resources and Columbia Gas Transmission, appellees.

Before: FORD ELLIOTT, PANELLA, and JOHNSON, JJ.

PANELLA, J.:

¶ 1 Appellants, Adolf Deynzer and Barbara Deynzer, appeal from the order entered on October 15, 2003, by the Honorable William R. Nalitz, Court of Common Pleas of Greene County, which denied the Deynzers' request for a preliminary injunction against Appellees Columbia Gas of Pennsylvania, Inc., Columbia Natural Resources, Inc., and Columbia Gas Transmission Corporation (collectively, "Columbia"). After careful review, we affirm.

¶ 2 This case reignites the controversies surrounding a onetime common practice in Pennsylvania in which many thousands of landowners leased their land to gas producers, for the extraction of natural gas, and in exchange received free gas service for their homes, known as the "Free Gas Clause" in the lease. The factual history of this matter spans over one hundred years, while the procedural history requires reference to a related, but separate, case in the trial court.[1] With this in mind, the background of this case may be summarized as follows. On April 18, 1900, S.B. Eagon, his wife Sarah A. Eagon, and Sarah J. Eagon, leased their farm in Center Township to George Rice for the production of oil and gas. As compensation, the Eagons received, among other compensation, free gas for use in the house

---

1. *Pennsylvania Land Holdings Corporation v. Columbia Natural Resources, Inc.,* 2002 Equity 15, opinion dated 4/15/2003 (C.C.P. Greene County) (Nalitz, J.)

located on the property. George Rice assigned his rights and responsibilities under the lease to Manufacturer's Light and Heat Company ("Manufacturers").

¶ 3 The Eagons' interest in the lease was assigned to Jay Hoskins and Elizabeth Hoskins. In August 1932 the lease was modified to limit the amount of free gas due under the lease, and provide that the free gas would be supplied from "present connections". The lease was again modified in 1941, committing Manufacturers to drilling another well on the property. The Hoskins' interest in the lease was eventually assigned to the Deynzers, who, in 1983, entered into an agreement to subdivide the property and the lease. Under this agreement, the wells subject to the lease were conveyed to J. Kenneth Willison and J. Kenneth Willison, Jr., while the free gas benefit under the lease remained with the Deynzers.

¶ 4 Manufacturers' rights and responsibilities under the lease were assumed by Columbia Gas Transmission Corporation.[2] Columbia Gas Transmission Corporation conveyed its rights and responsibilities under the lease to Columbia Natural Resources in 1990.

¶ 5 In 1999, Columbia Natural Resources, Inc., conveyed the oil and gas lease to Nicole Energy. This conveyance explicitly transferred the obligation to provide free gas under the lease, however, after assigning the lease to Nicole Energy, Columbia Natural Resources, Inc. continued to provide free gas to the Deynzers. In 2002, Nicole Energy conveyed the leases to Appellee Pennsylvania Land Holdings Corporation ("PLHC"). On November 14, 2002, a representative of Columbia Natural Resources, Inc. notified PLHC that the free gas service to the Deynzers, among others, would be discontinued on November 29, 2002.

¶ 6 On November 21, 2002, PLHC filed a motion for a preliminary injunction as well a complaint seeking declaratory judgment against Columbia Natural Resources, Inc. After a hearing, the trial court enjoined Columbia Natural Resources, Inc. from taking any steps to interfere with the supply of gas to PLHC's customers. On April 15, 2003, the trial court entered an order granting Columbia Natural Resources partial summary judgment on PLHC's complaint. The trial court found that PLHC was the party responsible for providing free gas under the lease as the duty was clearly assigned.

¶ 7 On October 6, 2003, the Deynzers commenced the instant action by filing a complaint in equity as well a petition seeking to require PLHC and Columbia to provide free gas service to their property. The trial court held a hearing on October 14, 2003. On October 15, 2003, the trial court entered an order denying the Deynzers any relief against Columbia while ordering PLHC to connect the Deynzers to a source of free gas or to make alternate arrangements within 30 days. The Deynzers timely filed the instant appeal on November 14, 2003.

¶ 8 The Deynzers question whether the trial court had reasonable grounds to deny the request for a temporary mandatory injunction against Columbia Natural Re-

---

**2.** Columbia asserts in its brief that Manufacturers merged with Columbia Gas Transmission Corporation in 1971. There is no evidence of record on this point. If Manufacturers did indeed merge with Columbia Gas Transmission, there was no "assignment" of the lease without the consent of the Deynzers and the Willisons. *See Sante Fe Energy Resources, Inc. v. Manners*, 430 Pa.Super. 621, 635 A.2d 648, 649 (1993)(When corporate party to contract merges with third party, contract is not assigned to new entity by operation of law).

sources, Inc., considering that the free gas provision has been in effect "as long as anyone remembers" and the equity litigation between PLHC and Columbia has not been concluded. Appellant's Brief, at 6.

¶ 9 Our standard of review of a trial court's order granting or denying a preliminary injunction is a highly deferential one. *Warehime v. Warehime*, 580 Pa. 201, 208–209, 860 A.2d 41, 46 (2004). As such, our review is directed at an examination of the record to determine if there were any apparently reasonable grounds for the action taken by the trial court. *Id.* We will affirm the trial court's ruling if the trial court denied relief based upon a proper finding that one of the essential prerequisites for a preliminary injunction was lacking. *Id.*; *Kessler v. Broder*, 851 A.2d 944, 947 (Pa.Super.2004), *appeal denied*, —— Pa. ——, 868 A.2d 1201, 2005 WL 405791 (Pa. 2005) (Table).

¶ 10 The six essential prerequisites that a plaintiff must establish in order to qualify for injunctive relief are: (1) absent an injunction, the plaintiff will suffer an immediate and irreparable harm that cannot be adequately compensated by damages; (2) that such harm to plaintiff is greater than any harm that any interested party will suffer if the injunction is granted; (3) that the injunction will return the parties to the status quo that existed before any the occurrence of any wrongful conduct; (4) that the plaintiff is likely to succeed on the merits of the underlying claim; (5) that the injunction sought is reasonably suited to abate the offending activity; and (6) that the injunction will not adversely affect the public interest. *Warehime, supra*, 860 A.2d at 46–47; *see also Summit Towne Centre, Inc. v. Shoe*

*Show of Rocky Mount Inc.*, 573 Pa. 637, 646–647, 828 A.2d 995, 1000–1001 (2003).

¶ 11 In the case *sub judice*, the trial court's 1925(a) opinion does not explicitly address the essential prerequisites laid out in *Warehime*. However, it is clear that the trial court concluded that the Deynzers were not likely to prevail on the merits, as Columbia no longer has any liability to the Deynzers under the lease. Based upon the record before us, we agree.

¶ 12 Although we sympathize with the dilemma facing the Deynzers, there is well established case law which bars their action against Columbia. A close review of the record reveals that there is nothing to support a finding of contractual privity between the Deynzers and Columbia. Columbia is liable to the Deynzers, and responsible to continue the free gas service, only if there is privity of estate between the Deynzers and Columbia. *See Beach v. Morris*, 12 Serg. & Rawle 16, 1824 WL 2401, at *2 (Pa.1824).[3] In light of the long history of free gas leases in Pennsylvania, it is apropos that we find support for the trial judge's decision in an Opinion handed down by the Pennsylvania Supreme Court in 1824. In *Beach v. Morris*, Chief Justice William Tilghman wrote:

> I do not see how the action can be supported, because, between the plaintiff and defendant, **there is no privity either of contract or estate**. That there is no privity of contract, is evident, because privity of contract is *personal* privity, and is confined to the *persons* of the contracting parties; and there can be no privity of estate, because the estate has never passed from the plaintiff ... The counsel for the plaintiff has cited many cases, in which a man has

---

3. *Beach v. Morris* was most recently cited by the Superior Court in 1975 in an *en banc* decision, *Husak v. Berkel, Inc.*, 234 Pa.Super. 452, 341 A.2d 174, 179 (1975).

been subject to an action of debt, without privity of *contract;* but in all those cases, it will be found that there was privity of *estate.* For example, A. leases to B., rendering rent; B. assigns to C.; A. may maintain an action of debt for the rent, against C., because there is privity of *estate* between them, and the rent is incident to the reversion. The law of privity of estate, as well as of contract, is well laid down in Walker's Case, 3 Co. 22; and in Thursby v. Plant, 1 Saund. 237. In no point of view, is the plaintiff entitled to this action against the defendant, who never made any kind of contract with him.

*Id.,* 1824 WL 2401, at *2 (emphasis added). As Columbia has legally assigned all of its interest in the lease, there is no privity of estate. *Id.* As a result, the Deynzers can only seek recourse against PLHC, the assignee of the responsibility to provide free gas. Accordingly, the trial court's denial of injunctive relief is apparently reasonable and we affirm.

¶ 13 Order affirmed.